Good morning. May it please the Court, my name is Robert Comhand and with me today is Jonathan Ploutt. We represent Harry Sanders, the Executive of the Estate of Nancy Anderson. He sued John Doe for negligence. Anderson, his wife, had a history of mental problems and suicidal ideations. Attorney Doe engaged in a romantic sexual relationship with her and repeatedly got back together and broke up and eventually she committed suicide over this and left a note addressed to him. Travelers refused to provide coverage to Doe and in mediation Doe settled with Sanders for $500,000 and assigned the claims for coverage to Sanders. Sanders filed suit against Travelers and Magistrate Bull dismissed the case on a motion to dismiss. First of all, Magistrate Bull erroneously ruled that... When you say Magistrate Bull, was this case 636C, Consent to the Magistrate? I thought this was a case where the District Judge then approved her report and recommendation. I'm sorry, I misspoke. You are correct. I just wanted to be sure I had the right case in my head. The Magistrate erroneously ruled that the policy did not establish a duty to defend on the part of the defendants without the filing of a suit. That is wrong. That is a wrong reading of the policy language. The policy requires a defense and identification for a claim or a suit. The coverage section states plainly, and I'm reading only the important words, if a claim is made, even if the claim is false, we will pay up to our limit of liability for the damages, of which the insurer is legally liable, and provide a defense at our expense. We may investigate and settle any claim that we decide is appropriate. The Magistrate's ruling renders the word claim meaningless. No, because there is a further subsection in that same clause, which you didn't read, which explains that the insurer will defend any suit and may investigate or settle any suit or claim. That clause limits the defense obligation to suit specifically and clarifies the language that you just read. Well, if I may, Judge, it clarifies the language about defense of a suit, but nowhere do they say in here that they're not going to defend a claim. They simply limit it to suit. You are reading that in, and I would suggest to you that given the law as it exists in terms of interpreting the policy for the benefit of the insured and all reasonable interests for the insured, you're taking a step too far. Well, you have to read the policy as a whole, and you may read it differently than I do. I haven't made my mind up yet, but the defense clause in the policy refers only to suits. Well, it says even if the suit is groundless, they'll provide a defense. Right. So they're not even talking about claims in that section. The prior section is the one, and in fact, in that section, they say we may investigate and settle any claim or suit that we decide is appropriate. So it says they can investigate a claim, but it doesn't say they won't provide a defense for a claim. Now, maybe I'm, I think you're suggesting I'm parsing this too finely, but I'm suggesting that if one reads the policy as a whole, that the plain meaning of the policy may be different than you suggest. You approach this as if this is an open and shut question, and I don't think it is. I think it depends on what you view as the correct interpretive modality for the policy. Do you read it as a whole or do you cherry pick a phrase here and there? Well, I'm reading the introductory paragraph as a whole. The introductory paragraph says it's about a claim or a suit. If a claim is made or a suit is brought. So the introductory paragraph that sets up the interpretation of what this whole thing is about is that it's about claims and it's about suits. That's true. And then you have a series of subsections, some of which talk about claims, some of which talk about suits, some of which talk about claims and suits. I agree, Judge. Yeah. I don't want to lose an opportunity. We can go around on this, but I would suggest only to you that if there's an ambiguity here, you've got to find favor of the insured. And I believe at the very least this is ambiguous. They don't even address anything here that says they won't provide a defense for claims. Why didn't you file a suit? We didn't file a suit because we decided, all the parties decided, that the only way we were going to get this thing settled, because of the horrendous nature of what happened, was to do it quietly without filing a suit. You could have filed a suit unsealed. We could have filed a suit unsealed. If you wanted insurance coverage, it seems to me you could have easily filed suit. But we would have filed a suit with an agreement for judgment because there's nothing to defend. No, no, no. That doesn't follow. But in any event, you have another argument to make. Yes, we do. And I would suggest to you that the mediation that we engaged in satisfied the suit requirements. That's well established under a number of court rulings around the country, which we cite in our brief. Well, you've got an SJC ruling directly on point on the matter of an EPA demand letter. Isn't that what would bind us here? In the nature of EPA? We sent a letter threatening to sue, and we sent them a draft of the complaint we were going to file. So that certainly put them on notice that they were going to get a lawsuit. And it seems to me that we're conflating, and we're contributing to it, two different issues. You've got one issue here as to whether the Chapter 93A demand letter constitutes a suit, and that certainly requires us to construe what the SJC meant in case and paper. But there's a second issue. As I understood your initial argument, you said that the mediation itself should be considered a suit apart from the demand letter. That's correct. And you said that's supported by persuasive authority. Is there any Massachusetts case that holds that or that suggests that? There is no case in Massachusetts which addresses that. You have to go outside of the state to look and find them, and they do exist. There's an Illinois appeals court case. There's a case from the Eastern District of Pennsylvania, Sunoco. You may be in the wrong court. The federal court tends not to create new doctrines of state law. Well, I think that what we're talking about here is simply it's not too big of a bridge to suggest that if a letter will trigger an obligation to settle, excuse me, an obligation to defend, then a mediation certainly rises to the same level as such a letter and ought to be construed under that doctrine. Why would that be so? I mean, the rationale of Hayes and Paper is that a particular type of letter, they are an EPA enforcement letter, will trigger certain responsibilities on the part of the insurer because a failure to respond to it had the effect of operating like a default judgment. That's a far cry from a demand to participate in non-binding mediation. What we're talking about in those letters is a plain notice that someone's going to get sued, and the whole point of mediation is to avoid a lawsuit. It's a plain notice you're going to get sued. It's the same thing, Judge. If you're going to go into mediation, the whole purpose is the same thing as an EPA letter. If you don't address this and deal with me, you're going to get sued. The purpose may be the same, but the effect is different. The mediation is non-binding. The effect of not responding to the EPA letter is the functional equivalent, as the SJC says, of a default judgment. So I hear what you're saying, Judge. I have less than one minute. I think an important argument to be considered is that the duty to indemnify, even absent a duty to defend, has to be viewed independently, and the magistrate misconstrued Transamerica. She relied on Transamerica, and Transamerica relies on Boston Symphony Orchestra. Boston Symphony Orchestra is quite clear that the duty to defend is independent of the duty to indemnify, and that duty is based on facts alleged in the complaint. Are those facts known to the insurer? So properly construed, the law is that where insurer has no duty to defend, there's no need to indemnify. That general proposition does not apply where there's no underlying lawsuit, and therefore, even if there is no duty to defend, there still has to be an independent determination of whether there's a duty to indemnify. Thank you. Thank you. Good morning, Your Honors. Winston Ackerman for the Phoenix Insurance Company and the Travelers Indemnity Company of America. District Court correctly concluded that this policy, this homeowner's policy, which has been in place since 1991, provides an obligation to defend a suit and an option that the insurance company has to settle, investigate, if they so choose. And, of course, they have to do that consistent with the Massachusetts statute. Plaintiffs have not cited a single case, not only in Massachusetts, but anywhere in the country that holds that you have a duty to defend under this policy form or any policy form in the absence of either a suit or some type of governmental enforcement action, such as an EPA demand or an antitrust demand or something of that nature. I think it's also significant to think about what could the insurance company have done in this context, given that there never was a lawsuit filed. The most, even if they had some type of what the plaintiffs would describe as a duty to defend, the most they could have done would be to come in and take some position as to why Attorney Doe was not liable, and they did that here. They took the position that Attorney Doe would not be liable because there is no recognized court duty in the context of a consensual sexual relationship not to break off the relationship in some way, not to engage in this pattern of breaking off a relationship. Massachusetts, to the extent they've addressed that, have said there is no such duty. So if the insurance company, even if there had been a suit filed, what the insurance company most likely would have done would be to come in and take the position that there's no liability. Do you really want us to get into that kind of speculation? I don't follow why you want to go there. I don't think you need to go there, Your Honor. I mean, you use your time as you see fit, but it seems to me we've got some issues in this case rather than engage in hypotheticals. Do you want to go back to your plain language reading of the policy? The plain policy language provides that there is an obligation to defend a suit and that there is an insurer may investigate or settle a claim. There's two different parts of it, and that's exactly, I think, that by itself resolves this case. Well, it doesn't resolve the issues such as whether a mediation can be treated. There's a functional equivalent of it can be treated as a suit for which your brother says there is authority in Illinois and other places, nor does it resolve the question of whether a 93A demand letter should be treated the same way as the SJC treats an EPA enforcement one. Yes, I disagree with Plaintiff's counsel regarding the mediation. I've read the cases they cite. I did not find a single one of them that holds that a mediation and a non-binding mediation requires an insurance company to defend. There are some cases in the context, Hayes and Pipper, obviously, has been discussed in the context of an environmental demand by government. There's an antitrust case they cite. I have not found any case that says that in the context of a private party demand letter, an insurance company has a duty to defend. Going back to your first point about cases from other jurisdictions, Illinois and the like, do they turn on the fact that the mediation, do they draw a distinction between non-binding and binding mediation? They do not involve, it doesn't turn on a mediation. Those cases turn on the fact that there was a governmental enforcement of some kind, a governmental demand. One of them is an antitrust case. He represented to us that there are cases from Illinois and other jurisdictions that involve mediations as the equivalent to suit. Are you saying that none of those cases have to do with the topic of mediation, that they all turn on a government claim being made? I haven't gone to read the cases, but you've now caused some confusion in my mind. I've read the cases that are cited, Your Honor, and I did not find any of them where the fact that there was a mediation was what the court found to constitute a suit. Those are cases where there was some demand made by a governmental agency. Illinois has a sort of unique view where there's a split of authority within Illinois on this kind of thing, and Illinois has also found, I believe, in a context where there might be a duty to indemnify where there had been a claim made and a settlement reached, but it did not turn on, it turned on the nature of the demand that was being made, not on the fact that there was a mediation. And here, obviously, this was simply a non-binding mediation. Yes, you keep saying non-binding mediation as though there was significance to that. I take it your first position is a mediation, whether it's binding or not, simply does not meet the suit requirement, and then a fallback position would be a non-binding mediation certainly wouldn't. Am I accurate? That's correct, Your Honor. That's correct. The Hazen paper case itself says that a private party's demand letter is not enough to constitute a suit. I mean, technically, that's dicta in Hazen paper, but it's a strong indication of what the SJC was thinking on that, and also I think the Vermont Mutual v. McGuire case, which was decided by Judge Sebel in the District of Massachusetts and then affirmed by this Court, although on a different ground, reached the same conclusion. Is there a purpose to the suit requirement beyond notice? The suit requirement in the context, I think the policy has to be read in the context of Massachusetts law and really the law around the country on how you deal with a duty to defend. When there is a complaint filed, the insurance company can compare the allegations that are specifically made in the complaint with the terms of the policy and decide whether it has an obligation to defend, whether it wants to defend under a reservation of rights, or whether it wants to deny coverage. And that's ultimately the same thing the court does. If the court is faced with a decision on a duty to defend,  So if you don't have a suit and all you have is some sort of vaguely standard, vaguely asserted claim in a demand letter or something of that nature, it becomes very difficult for the insurance company to make that determination. It becomes very difficult for a court to make that determination. Let me follow up. You just, in a sense, avoided answering the question by inserting the term vague. Suppose you get a very specific claim letter that attaches a copy of a complaint and repeats the same allegations, then what is the purpose of the suit requirement? The purpose of the suit requirement in that instance, I think, is the insurance company then has the opportunity to come in and defend under a reservation of rights if they want to, and they can take whatever position they think is appropriate at that point. They can take the position that the insured is not liable for whatever reason. They don't have any obligation to settle that claim. The most that they could do is take a position on behalf of the insured. But isn't a part of the purpose that in informal dealings between a claimant and an insurance company, the claimant can pretty much say whatever he wants. There are no ground rules for those kind of negotiations.  I don't think every jurisdiction that I know of has rules equivalent to Rule 11 of the federal courts so that the claim is not only cabined, but it is filed with some guarantee that there is some evidence to support it. That is correct, Your Honor. If there is a formal complaint that's subject to Rule 11, the insurance company and the court that ultimately has to determine the duty to defend has something somewhat more firm to rely upon than if all they have is something vague or even specific, but it's not necessarily required to be done in good faith. With respect to the other issues, just briefly, it's well established in Massachusetts there's no duty to indemnify in the absence of a duty to defend. In the Bagley case in Transamerica, and Transamerica also says that there can be no liability under Chapter 93A if there is no coverage under the liability policy. So I think if the duty to defend issue is resolved in favor of my client, the other issues should fall. Your brother referred to the Boston Symphony case, I believe, says Transamerica refers to that. What's your response? Boston Symphony case simply stands for the proposition that when a court is deciding whether there's a duty to defend, the court looks at the complaint with some level of broadness, and as this Court has said, not only the allegations that are specifically stated, but what's adumbrated within the complaint. So there, there was in essence a defamation claim. It wasn't exactly pled as a defamation claim. The SJC treated it as such. So that's the only, that's the proposition that case stands for. But your point, I take it, is that without a complaint, there's nothing to look at broadly. Yes, all you have is something you can't really rely upon, and it can be quite bad. Okay, thank you. Thank you.